Brian C. Butler, OSB #981903
Assistant Federal Public Defender
15 Newtown St.
Medford, Oregon  97501
(541) 776-3630 Telephone
(541) 776-3624 Facsimile
Brian_Butler@fd.org

Attorney for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:12-cr-00053-PA |
| Plaintiff, | MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255 AND MEMORANDUM IN SUPPORT |
| v. | |
| JEFFERY CARL GIDDINGS, | ORAL ARGUMENT REQUESTED |
| Defendant | |

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY STATEMENT .................................................................................. 1

II. JURISDICTION ...................................................................................................... 1

III. PARTIES ................................................................................................................ 2

IV. STATEMENT OF FACTS ...................................................................................... 2

V.  CLAIMS RAISED IN THIS PETITION ................................................................. 4

VI. ARGUMENT ......................................................................................................... 5

    Mr. Giddings' Oregon Convictions For first Degree Burglary Do Not Constitute
    Generic Burglary Under The ACCA Because The Oregon Statute Is
    Overbroad And Indivisible ........................................................................................ 5

        A. Oregon's Burglary Statutes Are Not A Categorical Match For Generic
           Burglary Because The "Building" And "Enters Or Remains Unlawfully"
           Elements Are Overbroad .................................................................................. 5

                1. As Held In *Grisel*, Oregon's Definition Of "Building" Is Categorically
                   Overbroad .............................................................................................. 5

                2. Oregon's "Enter Or Remain Unlawfully" Element Is Categorically
                   Overbroad .............................................................................................. 6

           B. The Modified Categorical Approach Cannot Be Applied Because The
           Oregon Burglary Statute Is Indivisible ............................................................ 7

           C. Even If Oregon's Overbroad Definition Of Building Was Divisible, The
           Record Examined Under The Modified Categorical Does Not Establish
           That Mr. Giddings Was Convicted Of The Elements Of Generic
           Burglary ......................................................................................................... 11

VII. THE COURT SHOULD GRANT EXPEDITED RELIEF OR, IN THE
      ALTERNATIVE, IMMEDIATE CONDITIONAL RELIEF BY RELEASING
      MR. GIDDINGS FROM CUSTODY ..................................................................... 13

VIII. CONCLUSION .................................................................................................... 15

i

# TABLE OF AUTHORITIES

**Page**

## SUPREME COURT CASES

*Descamps v. United States*,
    133 S. Ct. 2276 (2013) ......................................................................... 1, 5-9, 11-13

*Johnson v. United States*,
    135 S. Ct. 2551 (2015) ......................................................................... 1, 4, 6, 10, 13

*Koon v. United States*,
    518 U.S. 81 (1996) ................................................................................. 14

*Nijhawan V. Holder*,
    557 U.S. 29 (2009) ................................................................................. 8

*Pepper v. United States*,
    562 U.S. 476 (2011) ............................................................................... 13

*Taylor v. United States*,
    495 U.S. 575 (1990) ............................................................................... 5, 6

## CIRCUIT COURT CASES

*Miller v. Gammie*,
    335 F.3d 889 (9th Cir. 2003) ................................................................. 6, 11

*Rendon v. Holder*,
    764 F.3d 1077 (9th Cir. 2014) ............................................................... 8-10

*Summers v. Feather*,
    ___ F. Supp. 3d. ___, 2015 (August 5, 2015) ...................................... 10

*United States v. Aguilar-Montes de Oca*,
    655 F. 3d 915 (9th Cir. 2010) ............................................................... 11

*United States v. Cabrera-Gutierrez,*
    756 F.3d 1125 (9th Cir. 2014) ............................................................... 9

*United States v. Grisel*,
    488 F.3d 844 (9th Cir. 2007) ................................................................. 5, 6

*United States v. Mayer*,
    560 F.3d 948 (9th Cir. 2008) ............................................................... 1, 6

*United States v. Snyder*,
    5 F. Supp. 3d (D. Or. 2014) ............................................................ 10, 12

*United States v. Wilkinson*,
    589 F. App'x 348 (89th Cir. 2014) ..................................................... 6, 7

## STATE COURT CASES

*State v. Evans*,
    267 Or. App. 762 (2014) ........................................................................ 7

*State v. Felt*,
    108 Or. App. 730 (1991) ........................................................................ 7

*State v. Johnson*
    132 Wash. App. 400 (2006) .................................................................. 7

*States v. Pipkin*,
    354 Or. 513 (2013) ........................................................................ 10, 11

## STATUTES

Or. Rev. Stat. § 164.205 .......................................................................... 5, 9

Or. Rev. Stat. § 164.215 ............................................................................. 5

Or. Rev. Stat. § 164.225 ............................................................................. 5

## I.    PRELIMINARY STATEMENT

1.1    Mr. Giddings is a federal prisoner at USP Lee whose sentence under the Armed Career Criminal Act (ACCA) was imposed in violation of the Constitution and laws of the United States because it was based on Oregon burglary convictions that do not qualify as ACCA predicate offenses. *Johnson v. United States*, 135 S. Ct. 2551 (2015) (residual clause of the ACCA is void for vagueness and violates due process); *Descamps v. United States*, 133 S. Ct. 2276 (2013) (California burglary statute does not categorically meet the elements of generic burglary and a sentencing court may not apply the modified categorical approach to a burglary statute that is missing one of the elements of generic burglary); *United States v. Mayer*, 560 F. 3d 948, 959 (9th Cir. 2009) (Oregon first degree burglary does not categorically satisfy the generic definition of burglary) *overruled on other grounds by Johnson*, 135 S. Ct. at 2563. Thus, Mr. Giddings was unconstitutionally and unlawfully sentenced beyond the statutory maximum sentence of 10 years' imprisonment. The government, through Assistant United States Attorney Doug Fong, advises that it is waiving any potential applicable procedural barriers to Mr. Giddings obtaining relief.

## II.    JURISDICTION

2.1    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2241 and 2255(a) because Mr. Giddings is in custody as a result of a sentence imposed by this Court and is claiming the right to be released on the grounds that the sentence was imposed

in violation of the Constitution or laws of the United States, exceeded the maximum authorized by law, or is otherwise subject to collateral attack.

2.2     Mr. Giddings invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because the action arises under the Constitution and laws of the United States and seeks corrective action by officers and employees of the United States in their official capacity.

2.3     Mr. Giddings invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1343(4) because Mr. Giddings seeks to redress deprivation of rights guaranteed by both the Constitution and federal statutes.

## III.    PARTIES

3.1     Mr. Giddings is presently committed to the custody of the Attorney General to serve the sentence at USP Lee pursuant to the judgment of the United States District Court for the District of Oregon.

## IV.    STATEMENT OF FACTS

4.1     Mr. Giddings was indicted in the United States District Court for the District of Oregon in Case No. 1:12-cr-00053-PA on February 3, 2012, for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), and for being an Armed Career Criminal, in violation of 18 U.S.C. § 924(e) based on two Oregon convictions for burglary in the first degree and an Oregon conviction for unlawful delivery of a controlled substance.

4.2    On April 2, 2012, Mr. Giddings entered a guilty plea to being a felon in possession of a firearm, but reserved the right to challenge whether he was subject to the enhanced sentencing provisions of the ACCA.

4.3    Mr. Giddings argued at sentencing that the ACCA enhancement did not apply because neither of his Oregon convictions for first degree burglary constituted a "violent felony" under the residual clause of the ACCA because the residual clause was unconstitutionally vague.

4.4    After rejecting Mr. Giddings' arguments and finding that his burglary convictions qualified as ACCA predicates, the District Court sentenced Mr. Giddings to the custody of the Bureau of Prisons for the mandatory minimum term of 180 months.  Mr. Giddings did not appeal his sentence.

4.5    Since Mr. Giddings did not appeal his sentence or file for collateral relief, there have been no further proceedings involving Mr. Giddings in the District Court or Ninth Circuit.

4.6    Mr. Giddings' release date is June 29, 2025.

4.7    If Mr. Giddings received a sentence at the low end of the guideline range without the ACCA enhancement (offense level 17 and criminal history category VI), he would receive a sentence of 51 months, which would result in a release date of approximately November 2015, assuming maximum good time credits.

## V.    CLAIMS RAISED IN THIS PETITION

5.1    Mr. Giddings challenges the validity of the sentence imposed by the District Court as being beyond the statutory maximum, and in violation of the Constitution and laws of the United States because his Oregon convictions for first-degree burglary are not predicate offenses under the ACCA; therefore, the maximum sentence was 10 years pursuant to 18 U.S.C. § 924(a)(2), not a minimum of 15 years pursuant to 18 U.S.C. § 924(e)(1).

5.2    Mr. Giddings alleges that the imposition of the ACCA sentence on the basis of his prior Oregon convictions for first-degree burglary violated the Fifth, Sixth, and Eighth Amendments to the United States Constitution, the laws of the United States, and is otherwise subject to collateral attack because the convictions do not qualify as violent felonies, as that term is defined in the sentencing enhancement provision of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i) and (ii) and, as a result, he lacks the three predicate convictions required for treatment under the ACCA.

5.3    Mr. Giddings' Oregon convictions for first-degree burglary do not categorically qualify as generic burglaries because the elements of Oregon burglary are overbroad as compared to the essential elements of the generic offense.  Further, the overbroad elements are indivisible so the modified categorical approach may not be employed to determine whether Mr. Giddings was convicted of all the elements of generic burglary.  After *Johnson*, his convictions no longer qualify as predicate offenses under the ACCA's residual clause.

## VI.    ARGUMENT

**Mr. Giddings' Oregon Convictions For First-Degree Burglary Do Not Constitute Generic Burglary Under The ACCA Because The Oregon Statute Is Overbroad And Indivisible**

### A.    Oregon's Burglary Statutes Are Not A Categorical Match For Generic Burglary Because The "Building" And "Enters Or Remains Unlawfully" Elements Are Overbroad

The term "burglary" in the first part of 18 U.S.C. § 924(e)(2)(B)(ii) means "generic" burglary. *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc). Generic burglary is an offense "having the basic elements of" "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Descamps*, 133 S. Ct. at 2283 (quoting *Taylor v. United States*, 495 U.S. 575, 599 (1990)). Oregon first-degree burglary under Or. Rev. Stat. § 164.225 is overbroad in two respects.[1]

### 1.    As Held In *Grisel*, Oregon's Definition Of "Building" Is Categorically Overbroad

*Taylor* defined "building" in terms of a permanent structure, rejecting as overbroad places such as automobiles, booths, tents, and boats.  495 U.S. at 599.  A "building" for purposes of Oregon's burglary statutes includes "any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." Or. Rev. Stat. § 164.205(1)). In *Grisel*, the Ninth Circuit examined Oregon's definition of "building" in the context of second-degree burglary, which uses the same

---

[1] As relevant here, first-degree burglary occurs when a person "enters or remains unlawfully in a building [that is a dwelling] with the intent to commit a crime therein." Or. Rev. Stat. §§ 164.215 and 164.225.

definition of building as first-degree burglary. The Court concluded that it was broader than *Taylor*'s definition, noting that "[t]he text of the statute expressly includes in its definition that which the Supreme Court expressly excluded from the generic, federal definition." *Grisel*, 488 F.3d at 850. In *Mayer*, this Court confirmed that the overbroad definition of building also renders first-degree Oregon burglary overbroad.  560 F.3d at 959 (Oregon first-degree burglary "does not categorically satisfy the generic definition of burglary").[2]

### 2.    Oregon's "Enter Or Remain Unlawfully" Element Is Categorically Overbroad

Aside from the "building" element, the "entry" element of the Oregon burglary statute is categorically overbroad for the reasons articulated by the Ninth Circuit in *United States v. Wilkinson*, 589 F. App'x 348 (9th Cir. 2014) (unpublished). In *Wilkinson*, this Court held that the "enters or remains unlawfully" element of the similarly-worded Washington residential burglary statute is "broader than generic burglary because it does not require 'an unlawful entry along the lines of breaking and entering.'" 589 F. App'x at 350 (quoting *Descamps*, 133 S. Ct. at 2285).  "Rather, a person also may be guilty of residential burglary without an unlawful entry if he enters lawfully under a limited license

---

[2] Although *Johnson* nullified the Ninth Circuit's holding in *Mayer* that the Oregon first degree burglary statute qualified as an ACCA predicate offense under the residual clause, it did not overrule the Ninth Circuit's ruling that the statute was not a categorical match for generic burglary.  That holding remains binding precedent until overruled by an en banc decision in the Ninth Circuit or "intervening Supreme Court authority [that] is clearly irreconcilable with . . . prior circuit authority."  *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

Page 6 - Motion To Correct, Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255 And Memorandum In Support

and proceeds to exceed the scope of that implied license, and hence 'remains unlawfully.'" *Id.* Following *Descamps*, the Court held that Wilkinson's burglary conviction was not an ACCA predicate because he "was charged and convicted . . . of a crime including the single, indivisible element of 'enters or remains unlawfully.'" *Id.* (citing *State v. Johnson*, 132 Wash. App. 400, 132 P.3d 737, 741 (2006)).

Oregon courts have upheld convictions for burglary when there is a lawful entry followed by actions which exceed the scope of the license to enter. In *State v. Evans*, the defendant obtained permission to enter the victim's home to use the bathroom. 267 Or. App. 762, 766-67 (2014). The defendant then stole a purse from another room. The Oregon Court of Appeals found that because the "defendant had no license or privilege to wander elsewhere in the victim's home," he had "exceeded the scope of his limited license" and could be convicted of burglary. *Id.*; *see also State v. Felt*, 108 Or. App. 730, 732-33 (1991) (holding that state proved an "unlicensed or unprivileged entry or stay" where the defendant lawfully entered the victim's apartment and then later committed crimes against the victim). The Oregon burglary statute is non-generic because, like the Washington statute in *Wilkinson*, it does not require an unlawful entry along the lines of breaking and entering." *Wilkinson*, 589 F. App'x at 350 (quoting *Descamps*, 133 S. Ct. at 2285).

### B. The Modified Categorical Approach Cannot Be Applied Because The Oregon Burglary Statute Is Indivisible

In *Descamps*, the Supreme Court held that courts may apply the modified categorical approach only to divisible statutes that list offense elements in the alternative.

133 S. Ct. at 2284.  *Descamps* explained that a fact is an element of the offense only if "statutory definitions necessarily require the adjudicator to find" that fact to sustain a conviction. *Id.* at 2287; *see also id.* at 2290 (for a divisible statute, a prosecutor "must generally select the relevant element from its list of alternatives" and the jury "must then find that element, unanimously and beyond a reasonable doubt"). *Descamps* eschewed application of the modified categorical approach to determine the underlying facts of a prior conviction.  133 S. Ct. at 2293 ("the modified categorical approach does not authorize a sentencing court to substitute ... a fact-based inquiry for an elements-based one"). Applying the modified categorical approach to an indivisible statute would implicate the defendant's Sixth Amendment jury trial right which requires the jury, not the sentencing court, to find the facts establishing the elements of the offense. *Rendon*, 764 F.3d at 1088; *accord Descamps*, 133 S. Ct. at 2288 ("[T]he only facts the court can be sure the jury [found unanimously beyond a reasonable doubt] are those constituting elements of the offense").

A divisible statute "lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.'" *Descamps*, 133 S. Ct. at 2285 (quoting *Nijhawan v. Holder*, 557 U.S. 29, 41 (2009)).  A statute is "indivisible" if it does not contain alternative elements but instead "criminalizes a broader swath of conduct than the relevant generic offense." *Id.* at 2281. "The critical distinction is that while indivisible statutes may contain multiple, alternative *means* of committing the crime, only divisible statutes contain multiple, alternative *elements* of functionally separate crimes." *Rendon v. Holder*, 764 F.3d 1077,

1084-85 (9th Cir. 2014); *see also United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1137 n.16 (9th Cir. 2014) ("[U]nder *Descamps*, what must be divisible are the elements of the crime, not the mode or means of proving an element").

In *Rendon,* the Ninth Circuit confirmed the *Descamps* focus on offense elements. 764 F.3d at 1085. The Court explained that elements are "those circumstances on which the jury must unanimously agree," while means are "those circumstances on which the jury may disagree yet still convict." *Id.* at 1086.  Under *Rendon*, "[a]ny statutory phrase that— explicitly or implicitly—refers to multiple, alternative means of commission must still be regarded as indivisible if the jurors need not agree on which method of committing the offense the defendant used." *Id.*

The term "building" in Oregon's burglary statutes encompasses a wide range of alternatives beyond its ordinary meaning: "any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." Or. Rev. Stat. § 164.205(1). Jurors need not agree on which type of structure was at issue, only that it was a statutory "building." *See* Or. Crim. Jury Instr. Nos. 1900-1901 (2013-14) (state must prove "the premises described in the charge is a dwelling," which encompasses the overbroad definition of building).  Thus, because the jury need not agree on which type of "building" the defendant entered or remained within, the term "building" is not divisible. *Descamps*, 133 S. Ct. at 2290.  ("As long as the statute itself only requires an indeterminate 'weapon,' that is all the indictment must . . . allege and all the jury

instructions must . . . mention. And most important, that is all the jury must find to convict the defendant"); *Rendon*, 764 F.3d at 1085.

Oregon judges familiar with Oregon procedure have held that "building" is an indivisible element. *Summers v. Feather*, ___ F. Supp. 3d. ___, 2015 WL 4663277 at *6 (D. Or., August 5, 2015) (Hernandez, J.) (holding that the building element of Oregon second-degree burglary "is a single indivisible element . . . with alternative means of commission[.]"); *United States v. Snyder*, 5 F. Supp. 3d 1258, 1262-65 (D. Or. 2014) (Panner, J.) (holding that the building element of Oregon second-degree burglary is a "single element" and not divisible).[3]

The "enter or remain unlawfully" element of Oregon burglary is also indivisible, because the Oregon Supreme Court has held that it defines a single element of the offense, and jurors need not agree as to whether a defendant unlawfully entered or unlawfully remained.  *State v. Pipkin*, 354 Or. 513, 524, 529-30 (2013). The question before the Oregon Supreme Court in *Pipkin* was whether the Oregon legislature intended the alternate means of committing a burglary – unlawfully entering or unlawfully remaining – to be alternate elements, requiring jury concurrence, or whether the legislature intended "to provide two ways of proving a single element." 354 Or. at 521-22. The Court concluded that the legislature intended the latter interpretation and held that the jury need not agree on whether the defendant "unlawfully entered or instead unlawfully remained," to find the

---

[3]  Remanded to the district court in light of *Johnson*, 135 S. Ct. 2551 (2015). Ninth Circuit Court of Appeals Case No. 14-30085, docket entry 40.

defendant guilty of first-degree burglary. *Id*. at 524, 529-30. *Pipkin* directly answers the divisibility inquiry and establishes that enter or remain unlawfully is a single, indivisible element.

The Ninth Circuit has previously approved application of the modified categorical to burglary statutes based on the reasoning in *United States v. Aguilar-Montes de Oca*, 655 F. 3d 915 (9th Cir. 2010).   In *Descamps*, the Supreme Court expressly rejected this methodology.  *Id*. at 2287.  Because the prior case law applied the modified categorical approach to determine the facts of the prior burglary, and never considered whether the statute contained alternative offense elements, those opinions are irreconcilable with *Descamps* and are no longer binding precedent.  *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (holding that "where the reasoning of prior circuit authority was clearly irreconcilable with the reasoning of intervening higher authority, a three-judge panel was bound by the later and controlling authority").

> **C.**    **Even If Oregon's Overbroad Definition Of Building Was Divisible, The Record Examined Under The Modified Categorical Does   Not Establish That Mr. Giddings Was Convicted Of The Elements Of Generic Burglary**

Under the modified categorical approach, sentencing courts may consult certain conviction records only to determine "which alternative element in a divisible statute formed the basis of the defendant's conviction." *Descamps*, 133 S. Ct. at 2293.  Given the overbroad definition of "building" in the Oregon burglary statutes, the fact that an indictment charges burglary of a "building" at a particular address does not prove that a

generic burglary structure formed the basis for the conviction without resorting to precisely the kind of "evidence-based" inquiry that *Descamps* rejected. *Id.* at 2287 (stating that the Ninth Circuit's approach, allowing the use of the modified categorical approach to determine if the facts meet the elements of the generic offense, "turns an elements-based inquiry into an evidence-based one").

Judge Tashima's concurrence before remand in the original, pre-*Descamps* opinion in *Snyder* illustrates the problem with using a street address to establish that a defendant was convicted of entering a generic burglary structure, as opposed to one of the non-generic structures included within the overbroad definition of "building":

> The indictment could just as well have alleged that the defendant entered a trailer located at 1341 Rogue River Highway. Any term can be accompanied by a street address. For all we know from the indictment, 1341 Rogue River Highway could be the address of a five or ten acre lot full of trucks, trailers, RVs, booths, and sheds, as well as the site of a generic building. Thus, for purposes of the modified categorical approach, accompanying the statutory term "building" with a street address does nothing, categorically, to aid the analysis.

643 F.3d 694,700 (9th Cir. 2011) (Tashima, J., concurring).

Following *Descamps*, the modified categorical approach is limited to determining which "statutory phrase" formed the basis of the conviction. 133 S. Ct. at 2285. Looking at a street address, and drawing conclusions from it about what happened, goes far beyond looking at which "statutory phrase" was used to determine the portion of the statute to which the defendant pleaded guilty. *Descamps*, 133 S. Ct. at 2285.

## VII.   THE COURT SHOULD GRANT EXPEDITED RELIEF OR, IN THE ALTERNATIVE, IMMEDIATE CONDITIONAL RELIEF BY RELEASING MR. GIDDINGS FROM CUSTODY

Mr. Giddings made his first appearance on February 8, 2012.  His release date on his current sentence of 180 months is June 29, 2025.   Absent a finding by this Court that, despite *Descamps* and *Johnson*, Mr. Giddings' Oregon burglary convictions qualify as "violent felonies" for purposes of the ACCA, his advisory guidelines range is 51-63 months based on a total offense level of 17 and a criminal history category of VI.[4] A sentence at the low-end of this range would result in a release date of approximately May 2016 without taking into account good time credits.[5]

While incarcerated, Mr. Giddings has taken efforts to reform his former lifestyle, including completion of the Bureau of Prisons' "Oregon Drug Abuse Program," "Anger Management," "Inmate on the Go Self Study Program," and "Beginners Anatomy." Certificates of completion for these programs are attached to this memorandum.

The Supreme Court has recognized that post-offense rehabilitation is an important factor in determining the appropriate sentence. In *Pepper v. United States*, the Supreme Court reaffirmed that, "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as

---

[4] The base offense level is 20 based on one prior controlled substance offense, an Oregon delivery of a controlled substance.  U.S.S.G. § 2K2.1(a)(4)(A).  He is entitled to a 3-level reduction for acceptance of responsibility.  U.S.S.G. § 3E1.1.  According to the Presentence Report, the criminal history category is VI based on 22 criminal history points.

[5] With all good time credits, Mr. Giddings would serve 44 months and 13 days, resulting in a release date of November 2015.

Page 13 - Motion To Correct, Vacate, Set Aside, Or Correct Sentence Pursuant to 28 U.S.C. § 2255 And Memorandum In Support

a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." 562 U.S. 476, 487 (2011) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). The Court further indicated that post offense rehabilitation may be "highly relevant" to several of the §3553(a) factors.

> [E]vidence of postsentencing rehabilitation may plainly be relevant to "the history and characteristics of the defendant." §3553(a)(1). Such evidence may also be pertinent to "the need for the sentence imposed" to serve the general purposes of sentencing set forth in §3553(a)(2) - in particular, to "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training . . . or other correctional treatment in the most effective manner." §§ 3551(a)(2)(B)-(D); *See [United States v.] McMannus*, 496 F.3d. at 853 (Melloy, J., concurring) ("In assessing . . . deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct"). Postsentencing rehabilitation may also critically inform a sentencing judge's duty under § 3553(a) to "impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in §3553(a)(2).

*Id.* at 491.

At the time of sentencing, Mr. Giddings will have the opportunity to prove that his post-offense rehabilitation justifies a sentence below the advisory guidelines range of 51-63 months.

Mr. Giddings is suffering irreparable harm from over-incarceration with each passing day. The Court has the authority to order immediate relief on the merits. Given the strong likelihood that Mr. Giddings will succeed on the merits, if the Court believes additional time is needed to decide the matter, the Court should grant conditional relief in the form of releasing Mr. Giddings on supervision while the matter is pending.

## VIII.  CONCLUSION

Mr. Giddings respectfully requests that the Court find that he is in custody in violation of the Constitution or laws of the United States, and grant the motion to vacate, set aside, or correct the sentence, and order that he be released from custody forthwith.

RESPECTFULLY SUBMITTED: December 2, 2015.

*/s/ Brian C. Butler*
Brian C. Butler
Attorney for Defendant