BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
JUDITH R. HARPER, OSB #903260
Assistant United States Attorney
Judi.harper@usdoj.gov
310 W. 6th Street
Medford, OR 97501
Telephone: (541) 776-3564
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:12-CR-00053-MC |
| v. | **GOVERNMENT'S RESENTENCING MEMORANDUM** |
| JEFFREY CARL GIDDINGS, | Sentencing Date: May 19, 2016 at 9:00 a.m. |
| Defendant. | |

Defendant pled guilty to the Indictment charging Felon in Possession of a

Firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the government

argued that defendant was an Armed Career Criminal based upon the following

felony crimes of violence and/or drug trafficking offenses:

1. **Burglary I (3/4/95)**, 6/13/95– Klamath Co. Circuit Court, 95-CR-00736, 3 months jail. (PSR ¶30, Exhibit 1 attached to government's sentencing memorandum).

2. **Delivery of a Controlled Substance (2/7/95)**, 6/13/95– Klamath Co. Circuit Court, 95-CR-13425, 22 months prison. (PSR ¶31).

3. **Burglary I (8/10/97)**, 1/7/98– Klamath Co. Circuit Court, 97-CR-02380, 24 months prison. (PSR ¶35, Exhibit 2 attached to government's sentencing memorandum).

The government contended that defendant's convictions for Burglary I were violent felonies under the ACCA residual clause.  Defendant was sentenced as an Armed Career Criminal to 15 years prison.

Defendant filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, claiming that his Burglary I convictions are not violent felonies under the ACCA. The Supreme Court has held that the ACCA residual clause was unconstitutionally vague, *Johnson v. United States*, 135 S.Ct. 2551 (2015).  As a result, this case was set for resentencing in light of *Johnson*.

On resentencing, the government maintains that defendant is still an Armed Career Criminal subject to the 15 year mandatory minimum sentence under 18 U.S.C. § 924(e)(1).  In the event that the court determines defendant is not an ACC, the government recommends 63 months imprisonment.

## **RELEVANT FACTS**

On September 23, 2011, witness KW notified police that her Smith and Wesson 9mm pistol had been stolen.  She suspected her boyfriend, the defendant. She showed police a video she took on her cell phone showing the defendant firing the 9mm pistol as well as a shotgun.  Defendant is a convicted felon.

Police talked to the defendant who initially denied possessing the weapons. After being confronted with the video, he said they were paintball guns.

The defendant later told ATF SA Caleb Enk that his criminal history was due mostly to his drug addiction.  He admitted using methamphetamine, marijuana, cocaine, and heroin.  He admitted spending most of the past 20 years in and out of

prison. (His PSR indicates 23 prior convictions dating back to 1991 (PSR ¶ 26-49)).

Defendant's prior convictions involve Felon in Possession of a Firearm, Fraud,

Identity Theft, Robbery II, Interfering with a Police Officer as well as numerous

convictions that are drug and theft related.  Besides being a convicted felon, the

defendant was on probation and post-prison supervision at the time of this crime.

## I.  DEFENDANT IS AN ARMED CAREER CRIMINAL BASED ON HIS CONVICTIONS FOR BURGLARY IN THE FIRST DEGREE AND TWO CONVICTIONS FOR DELIVERY OF A CONTROLLED SUBSTANCE

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), provides:

> "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) for a violent felony or serious drug offense, or both, committed on occasions different from one another, such person shall be...imprisoned not less than fifteen years...."

"Violent felony" means "any crime punishable by imprisonment for a term exceeding

one year…that…(i) has as an element the use, attempted use, or threatened use of

physical force against the person of another; or (ii)   is burglary, arson, or extortion,

involves use of explosives…."  18 U.S.C. § 924(e)(2)(B).  "Serious drug offense"

includes "an offense under State law, involving manufacturing, distributing, or

possessing with intent to manufacture or distribute, a controlled substance (as

defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a

maximum term of imprisonment of ten years or more is prescribed by law."  18

U.S.C. § 924(e)(2)(A)(ii).

Defendant has three predicate felony convictions:

1.    **Burglary I (3/4/95)**, 6/13/95– Klamath Co. Circuit Court, 95-CR-00736, 3 months jail.  (PSR  ¶30, Exhibit 1 attached to government's sentencing memorandum).

2.    **Delivery of a Controlled Substance (2/7/95)**, 6/13/95– Klamath Co. Circuit Court, 95-CR-13425, 22 months prison.  (PSR ¶31).

3.    **Burglary I (8/10/97)**, 1/7/98– Klamath Co. Circuit Court, 97-CR-02380, 24 months prison.  (PSR ¶35, Exhibit 2 attached to government's sentencing memorandum).

## A.  Defendant's Burglary I convictions are generic burglaries under *Taylor*.

## 1.  Historical background of Oregon Burglary as a "violent felony."

The ACCA imposes a 15-year mandatory minimum prison term upon a felon who unlawfully possesses a firearm and who also has three or more previous convictions for committing certain drug crimes or "violent felonies."  18 USC 924(e)(1).  The statute identifies three ways in which a prior conviction will qualify as a violent felony:  (1) the "elements" clause, that is, a prior conviction that "has as an element the use, or attempted use, or threatened use of physical force against the person of another," (2) the "enumerated offenses" clause:  "is burglary, arson, or extortion, [or] involves the use of explosives," and (3) the residual clause: ""otherwise involves conduct that presents a serious potential risk of physical injury to another."  The Supreme Court held that the residual clause was void for vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), but it expressly left the other provisions intact.  *Johnson*, 135 S. Ct. at 2563.

While "burglary" is an enumerated offense, whether Oregon burglaries qualify as ACCA predicates under the enumerated offense clause has a complicated history.  Up until 2007, Oregon burglaries were categorically considered an ACCA violent felony.  *See e.g. United States v. Cunningham*, 911 F.2d 361, 363 (9th Cir.

GOVERNMENT'S RESENTENCING MEMORANDUM
*United States v. Giddings,* 1:12-CR-00053-MC                          Page 4 of 21

1990). But the Ninth Circuit reconsidered this holding *en banc* and held that, because Oregon defined "building" more broadly than the generic burglary definition specified in *Taylor v. United States*, 495 U.S. 575 (1990), second degree burglary was not categorically a violent felony under the ACCA's enumerated offense clause. *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc). The court left open, however, whether Oregon burglaries qualify as ACCA predicates either under the residual clause or under a modified categorical approach. *Id.*, at 851 n. 7 & n.8. The Ninth Circuit then held in *United States v. Mayer*, 560 F.3d 948 (9th Cir. 2009), that Oregon's first degree burglary was a violent felony under the ACCA residual clause, but this holding was recently overruled by the Supreme Court in *Johnson*. After *Griesel* and *Johnson*, Oregon burglaries will only qualify as ACCA predicates if this Court applies the *modified categorical test* to the enumerated offense clause.

In an unpublished opinion, a panel of this Court held that a Washington burglary statute, similar to Oregon's, included a different non-divisible element ("enters or remains unlawfully"). *United States v. Wilkinson*, 589 Fed. Appx. 348 (9th Cir. 2014). Applying *Descamps*, the panel held that the Washington statute was overly broad because it included someone who unlawfully "remained," and indivisible because a jury did not have to agree on which form of unlawful entry or "remaining in" applied.

## 2. Defendant's Oregon Burglary in the First Degree convictions are generic burglaries under <u>Taylor</u>'s modified categorical approach.[1]

---

[1] This court, as well as other district judges in Oregon, previously ruled against the government on this issue. The government raises the same issue here to preserve its right to appeal pending the Supreme Court's decision in <u>United</u>

### a) When a divisible statute includes all the elements of generic burglary, courts may apply <u>Taylor</u>'s modified categorical approach to determine whether the defendant was necessarily convicted of generic burglary.

In *Taylor*, the Supreme Court recognized that Congress did not specifically define "burglary" in the ACCA. <u>Taylor v. United States</u>, 495 U.S. 575, 598-599 (1990); <u>Shepard v. United States</u>, 544 U.S. 13, 17 (2005). The Court concluded that "[a]lthough the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id* at 598.[2] *Taylor* was silent on the meaning of "building," but the Ninth Circuit has since held that a generic "building" under *Taylor* was limited to "structures designed for occupancy and intended for use in one place." *United States v. Grisel*, 488 F.3d 844, 848-849 (9th Cir. 2007); *see also, United States v. Mayer*, 560 F.3d 948, 959 (9th Cir. 2009) (overruled on other grounds).

In determining whether a prior conviction is a "generic burglary" under the ACCA, courts generally look only to the elements of the crime and not to the underlying facts. <u>Taylor v. United States</u>, 495 U.S. at 600; <u>Descamps</u>, 133 S. Ct. at 2283. However, in cases where a nongeneric burglary statute presents an element *in the alternative*, one of which corresponds to generic burglary, such statute is "divisible," and courts may look to a limited set of judicial documents to determine whether the defendant was *necessarily* convicted of the statutory elements

---

States v. Mathis, 136 S.Ct. 894 (Jan. 19, 2016) (petition for certiorari granted), which will hopefully resolve the divisibility of elements v. means issue.

[2] The Supreme Court used "building or *other* structure" and "building or structure" in the same discussion. *Taylor* at 598.

comprising generic burglary.  <u>Taylor</u>, 495 U.S. at 602; <u>Shepard v. United States</u>, 544

U.S. at 17, 26; <u>Descamps v. United States</u>, 133 S.Ct. at 2281, 2284 (a "divisible

statute…sets out one or more elements of the offense in the alternative" or

"comprises multiple, alternative versions of the crime"; <u>United States v. Acosta-

Chavez</u>, 727 F.3d 903, 908 (9th Cir. 2013).  <u>Taylor</u>'s modified categorical approach

applies "only when a statute defines burglary … alternatively, with one statutory

phrase corresponding to the generic crime and another not."  <u>Descamps</u> 133 S.Ct. at

2286.  Such inquiry under the ACCA "is limited to the terms of the charging

document, the terms of a plea agreement or transcript of colloquy between judge

and defendant in which the factual basis for the plea was confirmed by the

defendant, or to some comparable judicial record of this information."  <u>Shepard v.

United States</u>, 544 U.S. at 26; <u>Descamps</u>, 133 S.Ct. at 2284.

**b)  Oregon's "nongeneric" burglary statute is divisible and contains
all the elements of generic burglary.**

Oregon's burglary statutes provide in pertinent part:

**164.225 Burglary in the first degree.** (1) A person commits the crime of
burglary in the first degree *if the person violates ORS 164.215* and the
building is a dwelling….

**164.215 Burglary in the second degree.** (1) … a person commits the
crime of burglary in the second degree if the person enters or remains
unlawfully in a building with intent to commit a crime therein.

"Building" and "dwelling" are defined separately:

**164.205 Definitions for ORS 164.205 to 164.270.** As used in ORS
164.205 to 164.270, except as the context requires otherwise:

(1) ***"Building," in addition to its ordinary meaning,*** includes
any booth, vehicle, boat, aircraft or other structure adapted for

overnight accommodation of persons or for carrying on business therein. * * *

(2) "Dwelling" means a building which regularly or intermittently is occupied by a person lodging therein at night, whether or not a person is actually present.

(Emphasis added.) Thus, ORS 164.215 (Burglary in the Second Degree), when read along with the separate definition of "building," contains all the elements of generic burglary: (1) the person enters or remains unlawfully, (2) in a building or other structure ("its ordinary meaning"), (3) with intent to commit a crime therein. The statute, however, is "nongeneric" because the term "building" includes an "ordinary" building and alternatives: "booths, vehicles, aircraft, or other structures adapted for overnight accommodation or for carrying on business therein."[3] The following diagram illustrates the elements of generic burglary within Oregon's statutory scheme:

\\\

---

[3] United States v. Grisel, 488 F.3d 844 (9th Cir. 2007), held that Oregon's Burglary II is not *categorically* a generic burglary for this very reason. However, Grisel did not apply the "modified categorical approach." Grisel, 488 F.3d at 851-852 (remanded to apply modified categorical approach).

GOVERNMENT'S RESENTENCING MEMORANDUM
*United States v. Giddings,* 1:12-CR-00053-MC                    Page 8 of 21



= Elements of "Generic Burglary" contained in Oregon's Burglary II Statute

Although ORS 164.215 lists the single term "building" without specifying its various alternatives (ordinary building, booth, vehicle, boat, aircraft), its separate definition in ORS 164.205(1) lists the various options *in the alternative*, and thus makes the statute "divisible" and subject to *Taylor*'s categorical approach. See *Taylor*, 495 U.S. at 598 (regardless of its exact definition or label, an offense constitutes "burglary" under § 924(e) if it has the basic elements of a "generic" burglary). In fact, <u>Taylor</u> specifically addresses this exact circumstance:

> [The ACCA] generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense. This categorical approach, however, may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary. For example, *in a State whose burglary statutes include entry of an automobile as well as a building,* if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to

find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.

Taylor, 495 U.S. at 602 (emphasis added); see also, Shepard v. United States, 544 U.S. at 19 (guilty pleas may also establish ACCA predicate offenses).

In Shepard, the Supreme Court reaffirmed that sentencing courts may look to the terms of the charging instrument and guilty plea to determine whether a defendant's conviction under a nongeneric burglary statute involved a "generic building." Massachusetts' nongeneric burglary statute, like Oregon's statute, included "building, ship, vessel, and vehicle." Shepard, 544 U.S. at 31.[4] However, Shepard's prior charging documents simply mirrored the statute, alleging that Shepard "did break and enter…the building, ship, vessel or vehicle, the property of [victim's name], with the intent to commit a felony therein…" without further specification. United States v. Shepard, 125 F.Supp. 2d. 562, 566 (D. Mass. 2000). By simply looking at the statute and Shepard's charging documents, a sentencing court could not tell whether Shepard was convicted of burglarizing a *building, ship, vessel, or vehicle*. The Supreme Court held that police reports could not be used to determine whether Shepard's prior convictions were generic burglaries. Shepard, 544 U.S. at 21-26. However, the Court reaffirmed that a "nongeneric" burglary statute may qualify as an ACCA predicate if "the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for

---

[4] The relevant Massachusetts burglary statute, G.L. ch. 266 §16, provided:

> Whoever, in the night time, breaks and enters a building, ship, vessel or vehicle, with intent to commit a felony, …shall be punished by imprisonment in the state prison for not more than twenty years, or in a jail or house of correction for not more than two and one-half years.

GOVERNMENT'S RESENTENCING MEMORANDUM

*United States v. Giddings,* 1:12-CR-00053-MC                    Page 10 of 21

the plea was confirmed by the defendant, or to some comparable judicial record of this information" show defendant was convicted of statutory elements necessarily amounting to generic burglary.  Shepard, 544 U.S. at 20-21, 26.

In the wake of Taylor and Shepard, the Supreme Court in Descamps clarified that if a state statute was *missing* an element of generic burglary, the modified categorical approach could not be used to supply that missing element.  California's burglary statute, PC § 459,[5] did not include "unlawful entry or remaining" as an element of the crime.  Descamps, 133 S.Ct. at 2285-2286.  Because of this missing element, PC § 459 defined burglary *overbroadly*, not alternatively, than generic burglary, and the modified categorical approach could not be used to cure this basic defect:

> Whether Descamps did break and enter makes no difference. And likewise, whether he ever admitted to breaking and entering is irrelevant. Our decisions authorize review of the plea colloquy or other approved extra-statutory documents only when a statute defines burglary not (as here) overbroadly, but instead alternatively, with one statutory phrase corresponding to the generic crime and another not. In that circumstance, a court may look to the additional documents to determine which of the statutory offenses (generic or non-generic) formed the basis of the defendant's conviction.

Id. at 2286; see also, United States v. Edwards, --- F.3d ----, 2013 WL 4105532 (9th

---

[5] California Penal Code § 459 provides in relevant part:  "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel,…, floating home, …, railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach, …, any house car, …, inhabited camper, …, vehicle…, when the doors are locked, aircraft …, or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this chapter, "inhabited" means currently being used for dwelling purposes, whether occupied or not. A house, trailer, vessel designed for habitation, or portion of a building is currently being used for dwelling purposes if, at the time of the burglary, it was not occupied solely because a natural or other disaster caused the occupants to leave the premises."

GOVERNMENT'S RESENTENCING MEMORANDUM
*United States v. Giddings,* 1:12-CR-00053-MC                    Page 11 of 21

Cir. August 15, 2013) (Nevada burglary statute lacked element of "unlawful entry" was thus not "divisible"; modified categorical approach could not be used to determine that defendant unlawfully and feloniously attempted to enter an occupied dwelling).

In refusing to apply the modified categorical approach to statutes missing an element of generic burglary, the Court expressly recognized that the modified categorical approach still applies to divisible statutes, just like those in Taylor, Shepard, and this case:

> To explain when courts should resort to [Taylor's modified categorical] approach, we hypothesized a statute with alternative elements—more particularly, *a burglary statute (otherwise conforming to the generic crime) that prohibits "entry of an automobile as well as a building."* Ibid. One of those alternatives (a building) corresponds to an element in generic burglary, whereas the other (an automobile) does not. *In a typical case brought under the statute, the prosecutor charges one of those two alternatives*, and the judge instructs the jury accordingly. So if the case involves entry into a building, the jury is "actually required to find all the elements of generic burglary," as the categorical approach demands. Ibid. But the statute alone does not disclose whether that has occurred. Because the statute is "divisible"— i.e., comprises multiple, alternative versions of the crime—a later sentencing court cannot tell, without reviewing something more, if the defendant's conviction was for the generic (building) or non-generic (automobile) form of burglary. Hence Taylor permitted sentencing courts, as a tool for implementing the categorical approach, to examine a limited class of documents to determine which of a statute's alternative elements formed the basis of the defendant's prior conviction.

Descamps, 133 S.Ct. at 2284 (emphasis added). Descamps also reaffirmed Shepard's holding that when a burglary statute "cover[s] entries into 'boats and cars' as well as buildings," sentencing courts may "scrutinize a restricted set of materials—here, 'the terms of a plea agreement or transcript of colloquy between

judge and defendant'—***to determine if the defendant had pleaded guilty to entering a building or, alternatively, a car or boat***." Id., citing Shepard, 544 U.S. at 25-26. (emphasis added).  This narrow scope of review only assesses whether a defendant's plea was to a version of the state crime corresponding to generic burglary.  Id.

In contrast to PC § 459, Oregon's burglary statute contains all the elements of generic burglary, and simply lists "booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein …" as alternatives to an "ordinary" building.  Thus, Taylor, Shepard, and Descamps specifically authorize the modified categorical approach in this precise circumstance--to determine if the defendant pled guilty to entering a generic "building or structure" or, alternatively, a booth, vehicle, boat, or aircraft.

*Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014) held that the "intended crime" element of California's burglary statute, PC 459 ("with intent to commit grand or petit larceny or any felony…."),  was "indivisible" because it specified alternative "means" of committing the crime, instead of alternative "elements."  As a result, even though Rendon's plea petition established that he was convicted of "entering a locked vehicle with the intent to commit larceny," the Ninth Circuit held that a court could not use the modified categorical approach to determine whether this conviction was an *attempted theft* under immigration law.  In fact, the "intended crime" element is not overbroad in the first place because generic burglary proscribes *any* intended crime.  As such, a state burglary statute's

"intended crime" element never divisible because it never presents a circumstance where "one alternative matches an element of the generic offense but the other does not." Thus, *Taylor*'s modified categorical approach would never apply to a state burglary's "intended crime" element under the ACCA.[6]

While *Rendon* may be controlling authority on whether the burglary's "intended crime" element is divisible outside the ACCA, *Descamps* and *Shepard* still control the divisibility analysis of burglary's "building" element under the ACCA, that is, whether the burglary involved an ordinary building, or alternative structure (booth, vehicle, boat, or aircraft adapted for overnight accommodation or carrying on business therein). *Descamps*, *Shepard*, and *Taylor* clearly hold that when the "building" element consists of alternative versions (generic building or vehicle), the court may look to the court documents to see whether the defendant's conviction substantially corresponds to generic burglary. *Descamps*, 133 S.Ct. at 2281 ("a 'divisible statute'... sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile..."), and at 2284 (when a burglary statute "cover[s] entries into 'boats and cars' as well as buildings," sentencing courts may "scrutinize a restricted set of materials—here, 'the terms of a plea agreement or transcript of colloquy between

---

[6] The Supreme Court currently has under review <u>United States v. Mathis</u>, 786 F.3d 1068 (8th Cir. 2015), pet. for cert. filed Jan. 19, 2016, 2016 WL 207258 (Mem). The Supreme Court's decision in <u>Mathis</u> will either control the outcome of this case or provide direct, relevant guidance on the issues raised in this case. In <u>Mathis</u>, the Eighth Circuit held that an Iowa burglary statute's overly broad "building" definition was divisible and subject to a modified categorical test rendering defendant's prior convictions violent felonies under the Armed Career Criminal Act (ACCA), 18 USC 924(e). The Eighth Circuit expressly noted that its decision was contrary to <u>Rendon v. Holder</u>, 764 F.3d 1077, 1086 (9th Cir. 2014). Id. at 1075 n.6. And the Eighth Circuit explained that the circuits are split on how to interpret the Supreme Court's divisibility ruling in <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013).

GOVERNMENT'S RESENTENCING MEMORANDUM
*United States v. Giddings,* 1:12-CR-00053-MC              Page 14 of 21

judge and defendant'—to determine if the defendant had pleaded guilty to entering

a building or, alternatively, a car or boat."), citing *Shepard* at 25-26.

Other circuits that have confronted post-*Johnson* challenges to ACCA

burglary predicates have applied the modified categorical approach to the overbroad

definitions of "building" under *Taylor*, *Descamps*, and *Shepard*. *See e.g. United

States v. McLeod*, ___ F.3d ___, 2015 WL 6575673 (4th Cir. October 30, 2015)

(modified categorical approach applies to South Carolina's definition of building);

*United States v. Ozier*, 796 F.3d 597, 601-603 (6th Cir. 2015) (New York's similar

definition of "building" and Tennessee's definition of "habitation" are divisible and

subject to modified categorical test, even though set out in separate definitions

section and regardless of whether characterized as alternative means or elements;

plea colloquy shows defendant pled guilty to burglary of generic buildings--

"residences," "homes," "houses," and an "apartment"); *United States v. Patrie*, 794

F.3d 998, 1003 (8th Cir. 2015) (applying modified categorical test to Iowa's

"occupied structure" definition); *United States v. Ridens*, 792 F.3d 1270, 1272 (10th

Cir. 2015) (applying modified categorical approach to "building" element of Kansas

burglary statute).  To remain faithful to the Supreme Court's precedent, this court

should reach the same conclusion, that Oregon's "building" element is divisible.[7]

### c) The terms of defendant's Burglary I indictments, plea petitions, and judgments establish that defendant was necessarily convicted of generic burglary.

In 1995, defendant was convicted of Burglary I in Klamath Co. Circuit Court,

---

[7] A review of all 50 states' burglary statutes reveals that if *Rendon*'s holding were applied to the "building" element contrary to *Descamps* and *Shepard*, this would invalidate at least 31 state burglary statutes as ACCA predicate offenses—a result Congress certainly did not intend.

case 95-CR-00736 (PSR ¶ 30, Exhibit 1 attached to government's sentencing memorandum).  The indictment charged:

BURGLARY IN THE FIRST DEGREE
ORS 164.225
CLASS A FELONY

The said defendant, on or about the 4th day of March, 1995, in Kalmath County, Oregon, did unlawfully and knowingly enter a dwelling located at 740 Delfatti Lane, with the intent to commit the crime of theft therein...

In 1998, defendant was convicted of Burglary I in Kalmath Co. Circuit Court, case 97-CR-02380 (PSR ¶ 35, Exhibit 2 attached to government's sentencing memorandum).  The indictment charged:

BURGLARY IN THE FIRST DEGREE
ORS 164.225
CLASS A FELONY

The said defendant, on or about the 10th day of August, 1997, in Klamath County, Oregon, did unlawfully and knowingly enter a dwelling located at 5323 South Sixth Street, #5, with the intent to commit the crime of theft ...

ORS 164.225 provides:

A person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling...[8]

ORS 164.215 provides:

...a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein.[9]

---

[8]Burglary I is a Class A felony punishable by up to 20 years imprisonment.  ORS 164.225 (2), ORS 161.605 (1).

[9]Burglary II is a Class C felony punishable by up to 5 years imprisonment.  ORS 164.215 (2), ORS 161.605 (3).

GOVERNMENT'S RESENTENCING MEMORANDUM
*United States v. Giddings,* 1:12-CR-00053-MC                          Page 16 of 21

The indictment in both instances specify "a dwelling" at a fixed street address. Such description sufficiently alleges as a matter of law a "generic building" under Taylor. United States v. Snyder, 643 F.3d 694, 698 (9th Cir. 2011) (using the term "building" together with a street address provided adequate proof, based solely on the conviction documents, that the defendant was convicted of the entering or remaining in a "building" as that term is commonly used, and as is meant in the generic definition of burglary in Taylor) (remanded on other grounds); United States v. Stephens, 237 F.3d 1031, 1034 (9th Cir. 2001) (indictment's use of the term "building" or "dwelling," without further qualification, along with a specific street address, clearly alleged a generic building under Taylor).

Stephens is on point. In Stephens, this Court dealt with an Alaska burglary statute which defined "building" in the same manner as Oregon's statute:

> "building", in addition to its usual meaning, includes any propelled vehicle or structure adapted for overnight accommodation of persons or for carrying on business….

Id. at 1034; Alaska Stat. § 11.81.900(b)(4) (now paragraph 5). Stephens's first burglary indictment charged him with entering or remaining unlawfully "in a building, Beaver Sports, 3480 College Road." The second indictment charged Stephens with unlawfully entering a "dwelling" at "196 7th Avenue, with the intent to commit the crime of assault." The 9th Circuit held that by using the terms "building" or "dwelling" without any special qualification, along with a specific street address, both indictments "clearly refer to burglaries of 'buildings' within the

scope of the definition of 'burglary' provided by Taylor." Stephens, 237 F.2d at 1034. Snyder reaffirmed Stephens' holding. Snyder, 643 F.3d at 698.

Nothing in *Descamps*, *Johnson*, or *Rendon* disturbs the Ninth Circuit's holdings in Snyder and Stephens. This is not a case where a court must consider "underlying facts" in police reports to determine whether defendant's convictions were generic burglaries. Instead, "the *terms* of the charging document" and "the *terms* of a plea agreement or transcript of colloquy between judge and defendant" (defendant's plea statement) show defendant was necessarily charged with and pled guilty to unlawfully entering or remaining in an "ordinary dwelling" (an "occupied" dwelling at that) and thus was convicted of "generic burglary" as defined in Taylor. Descamps, 133 S.Ct. at 2284; Shepard, 544 U.S. at 26.

Moreover, nothing about defendant's burglary indictment suggest that the "occupied dwelling" was something other than an "ordinary" building, instead of a booth, vehicle, or aircraft. It would be superfluous to require that a charging instrument specify "ordinary building" or "ordinary dwelling" when such is the norm, and booths, vehicles, and aircraft the exceptions. Even the Supreme Court acknowledged that the normal practice is to charge the specific alternative. Descamps, 133 S.Ct. at 2284 ("In a typical case brought under the statute, the prosecutor charges one of those two alternatives, and the judge instructs the jury accordingly."). While Oregon courts have found that certain tents and trailers at a fixed address were "buildings,"[10] these were clearly "structures designed for

---

[10] See, *State v. Nollen*, 196 Or.App. 141, 143-144 (2004) (St. Vincent de Paul semi-truck trailer that served as a donation drop-off site was a "building" under Oregon's Burglary II statute; by

occupancy and intended for use in one place" and thus generic "buildings or other structures" under *Taylor*. *See, United States v. Grisel*, 488 F.3d 844, 848-849 (9th Cir. 2007).[11]  Particularly in this case, where defendant's prior conviction were for Burglary I of an occupied dwelling (building or structure regularly or intermittently occupied by a person lodging therein at night), this is precisely the type of burglary that Congress meant to address under the ACCA.

**3.  The term "enters or remains unlawfully" is not overbroad because generic burglary under *Taylor* specifically includes an unprivileged "remaining in" a building.**

Defendant argues that the "enters or remains unlawfully" element is overbroad because it includes persons who exceed the scope of an implied license to enter, and thus "does not require an unlawful entry along the lines of breaking and entering," citing *United States v. Wilkinson*, 589 F. App'x 348 (9th Cir. 2014)(unpublished).  This argument ignores *Taylor*'s holding and plain language

---

being detached from its tractor, remaining in place for some period of time, having stairs next to it, and having permanent signs nearby advertising it as a donation collection station, the trailer had been adapted to the business of collecting donated goods and redistributing them to needy persons); *State v. Webb*, 262 Or.App. 1, 4 (2014) (detached tractor trailer adjacent to military surplus retail business, used for the storing inventory and business records, was vehicle "adapted for carrying on business," and thus a "building" under ORS 164.205(1); tractor trailer had been stationary for 18 years, was used to store retail inventory and business records for military surplus retail business, and owner painted mural on side of trailer including the words "Army Surplus"); *State v. Lambert*, 263 Or.App. 683, 705 (2014) (tent set up by power company as testing facility housed large equipment not easily moved, workbench and tools, in which employees conducted test, was a "building").

[11] *Grisel* opined that the difference between a "building or structure"  in *Taylor* was one of form and not substance, and that the Court's use of that term "encapsulated the common understanding of the word 'building'—a structure designed for occupancy that is intended for use in one place." *Grisel* at 848.  However, this analysis provides no helpful insight in distinguishing between a converted tractor trailer designed for occupancy and intended for use in one place, a mobile home placed on cinder blocks, or the same mobile home bolted to a concrete foundation.

that generic burglary specifically includes "an unlawful or *unprivileged* entry into, *or remaining in*, a building or other structure, with intent to commit a crime." *Taylor* at 598-599 (emphasis added).  Although *Taylor* and subsequent cases have not expressly discussed the "unprivileged remaining in" phrase, it can only mean that an individual has remained beyond the limits of the license to enter or remain in a given location.  See 3 W. LaFave, Substantive Criminal Law § 21.1(a), n. 47 (2d ed. 2003) (The meaning of "remains" applies to situations where the license or privilege to enter has terminated, e.g. entry of department store during business hours followed by concealing self until the store closes).

Under Taylor, Shepard, and Descamps, defendant's Burglary in the First Degree indictment and plea petition, and judgment establish that defendant's guilty plea was to a version of Oregon's burglary statute necessarily "corresponding to the generic offense." Descamps, 133 S.Ct. at 2284, citing Shepard at 25-26. Defendant's conviction is thus a "generic burglary" under Taylor's modified categorical approach.

## II.  SENTENCING GUIDELINES ANALYSIS AND RECOMMENDATION SHOULD THE COURT FIND THAT DEFENDANT IS NOT AN ARMED CAREER CRIMINAL

The government maintains that defendant is an Armed Career Criminal subject to the 15 year mandatory minimum.  Should the court find that defendant's prior Burglary I convictions are not  generic burglaries, then the government recommends the following advisory guidelines analysis:

| | |
|---|---|
| Base Offense Level, § 2K2.1(a)(4) | 20 |
| Acceptance, 3E1.1 | <u>-3</u> |
| TOTAL OFFENSE LEVEL | 17 (51-63 months) |

Defendant's Criminal History Category is VI (20 points), resulting in a guidelines range of 51-63 months imprisonment.  The government recommends **63 months imprisonment**.

Dated this 16th day of May 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney


<u>s/ *Judith R. Harper*</u>
JUDITH R. HARPER
Assistant United States Attorney